**ENCYCLOPAEDIA BRITANNICA, Inc., v. NILAND.**

**No. 609.**

District Court, W. D. Missouri, W. D.

March 5, 1941.

John H. Lathrop and Claude A. Ferguson (of Lathrop, Crane, Reynolds, Sawyer & Mersereau), both of Kansas City, Mo., for plaintiff.

Warrick, Koontz & Hazard, of Kansas City, Mo., for defendant.

REEVES, District Judge.

The defendant by his answer has asserted a counterclaim. This counterclaim is by general averments and yet intimates a vast number of special, particular and peculiar transactions. No effort is made to give dates and circumstances under which it is claimed rights or credits were created or arose and became due the defendant.

A careful inspection of the counterclaim reveals the utter impracticability and impossibility for the plaintiff to make a proper or an intelligent reply thereto. Heretofore, upon a similar motion, counsel for the defendant has filed a voluminous document entitled "Defendant's Bill of Particulars." The matter contained therein also is in general language and is insufficient to inform the plaintiff of the particulars it is called upon to answer.

In plaintiff's motion for a supplemental bill of particulars there is a recital that heretofore the defendant was invited to inspect the books and records of the plaintiff in Chicago, so as to aid him in perfecting his counterclaim. Defendant's counterclaim must be considered for all purposes of the pleading the same as a new and an original action. While designated as counterclaim, yet in truth and in fact it is a declaration or a petition.

Under the New Rules of Civil Procedure, 28 U.S.C.A. following section 723c, in this Court it is contemplated that though a party may have a good cause of action, yet, because of his lack of knowledge of details, it is sometimes necessary to take depositions, before perfecting the petition or declaration, and particularly a deposition of the opposing party. Under such circumstances a petition may be at first skeletal in form, the details to be worked out and inserted just as soon as information has been acquired through the deposition.

In this case it would be a simple matter for the defendant to take the deposition of the plaintiff or its officers and agents, or by an inspection of the records the defendant would be able to point out specifically the nature of the several items constituting claims, the time, and circumstance of their accrual. By doing this, the plaintiff can then reply, either admitting or denying

646

the truth of the averments. It may be that some of the information is supplied in the form of exhibits to defendant's bill of particulars heretofore filed. These, however, do not aid the averments of the counterclaim.

The plaintiff is entitled to have its motion sustained. An order supplied by the plaintiff is now executed and filed as a direction to the defendant to supply the information requested.